## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:14-cv-20530-SEITZ

CAPELLA PHOTONICS, INC.,

                Plaintiff.

vs

CIENA CORPORATION and TELEFONICA
INTERNATIONAL WHOLESALE
SERVICES USA, INC.,

                Defendants.

JURY TRIAL DEMANDED

---

### PLAINTIFF CAPELLA PHOTONICS, INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Capella Photonics, Inc. ("Capella"), by and through its counsel, files this second amended complaint for patent infringement and demand for jury trial ("Complaint") against Ciena Corporation ("Ciena") and Telefónica International Wholesale Services USA, Inc. ("Telefónica") (collectively, "Defendants").

Capella alleges as follows:

### PARTIES

1.      Capella is a Delaware corporation with a principal place of business at 5390 Hellyer Ave, San Jose, CA 95138.

2.      On information and belief, Ciena is a Delaware corporation with a place of business at 7035 Ridge Road, Hanover, MD 21076.  On information and belief, Ciena has a place of business at 8200 NW 41st Street, Suite 315, Doral, FL 33166-6207.

3.      On information and belief, Telefónica is subsidiary of a foreign corporation Telefónica S.A., which is headquartered in Madrid, Spain.  On information and belief, Telefónica is the multinational, wholesale, and roaming global business of Telefónica S.A. that has operations in Boca Raton, Florida.  On information and belief, Telefónica is headquartered in Miami, Florida with a place of business at 1111 Brickell Avenue, 10th Floor, Miami, FL 33131.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

5.      This court has personal jurisdiction over Defendants at least by virtue of Defendants having engaged in substantial and not isolated business activity in this state and also by having engaged in acts of infringement in this state and specifically in this District.

6.      Defendants are subject to personal jurisdiction by this Court under Florida law, including under Florida's long-arm statute, F.S. 48.193 (1)(a)(1)-(2), and/or (2).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d) and 1400(b).

## THE PATENTS IN SUIT

8.      Founded in 2000, Capella is a pioneer of optical switching technologies for use in optical transmission networks.  Capella has designed, developed, produced and sold switching devices for optical transmission networks, including its CR50™ and CR100™ products.

9.      As a result of many years of research and development, Capella has been granted an extensive portfolio of patents, including but not limited to those in suit.

10.     Capella is the owner of United States Patent No. RE42,368 (the "'368 patent"), titled Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities.  The '368 patent was lawfully and duly issued on May 17, 2011.  The '368 patent is a reissue of United States Patent No. 6,879,750.  A true and correct copy of the '368 patent is attached hereto as **Exhibit A**.

11.     Capella is the owner of United States Patent No. RE42,678 (the "'678 patent"), titled Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities.  The '678 patent was lawfully and duly issued on September 6, 2011.  The '678 patent is a reissue of United States Patent No. RE39,397, which is a reissue of United States Patent No. 6,625,346.  A true and correct copy of the '678 patent is attached hereto as **Exhibit B**.

12.     Capella holds the right to sue and to recover damages for infringement, including past infringement, of each of the '368 and '678 patents (collectively, the "Patents-in-Suit").

## FACTUAL BACKGROUND

13.     Optical fiber is used by telecommunications companies to transmit telephone signals, Internet communications, and cable television signals.  Optical fiber is a fast and efficient medium for conducting data in the form of light.  Various wavelengths of light travel along optical fiber at the same time, with each wavelength carrying specific data intended for delivery to a specific location.  An optical fiber is able to carry Internet traffic, cellular communications, and digital television transmissions simultaneously by using different wavelengths of light to carry the data.

14.     Networks using optical fiber cover Florida and span the United States.  Networks on a continent or within a country form a grid.  Line segments of fiber optic cable intersect at

hubs or nodes.  At these hubs or nodes, there are switching devices.  In modern networks, such as those traversing Florida and the United States, switching is accomplished in the optical domain by a reconfigurable optical add drop module ("ROADM").

15.     ROADMs are the backbone of advanced fiberoptic networks because they route, or switch, signals traveling along fiber optic cables in the directions they need to go.  The switching occurs on the wavelength level, which means that a ROADM can separate all the wavelengths of light entering the device and direct them to go in different directions depending on the ROADM's configuration.  ROADMs can drop certain wavelengths from a fiber altogether, if so directed, and can also add new wavelengths onto fibers.  ROADMs can also control flow across fiber optic cables.  If traffic along one cable is particularly heavy at certain times, then a ROADM can manage that load by sending traffic along one fiber at certain times and another fiber at other times.

16.     The development of ROADMS and their subsequent introduction into networks enabled video to be sent over the Internet.  Before ROADMs, service providers had to use Optical to Electrical to Optical switches ("OEO switches), which meant that data carried along optical cables had to be converted into electrical signals to be routed.  In addition, OEO switches were very slow and expensive and took up space the size of a refrigerator.  The service providers' introduction of ROADMs into their networks in about 2005 changed this, by allowing video to be transmitted at the speed of light through the ROADM instead of at the speed of electronics which is about 1000 times slower. The cost was also reduced significantly and the size changed from a refrigerator to a small book.

17.     As their name suggests, ROADMs are reconfigurable, which means that they can be adjusted to send traffic or wavelengths in different directions at different times.

18.     To ensure network reliability, ROADMs are subjected to a lengthy approval process before they are deployed.  In addition, for most networks, more than one vendor is selected.  As a result, the ROADMs that are selected for use in optical networks in the United States tend to be interchangeable on one or more levels.

19.     On information and belief, Defendants make, use, or sell ROADMs for optical networks in Florida and specifically in this District.

20.     On information and belief, Telefónica's Telefónica Global Solutions business operates a fiber optic network that connects the U.S. to Latin America and includes 25,000 km of submarine and terrestrial fiber with landing stations in Argentina, Brazil, Chile, Colombia, Ecuador, Guatemala, Peru, and the U.S, including Florida and Puerto Rico.

21.     On information and belief, Ciena's Infringing Products are used in Telefónica's Telefónica Global Solutions's US landing stations, including in Boca Raton, Florida.  *See* http://www.ciena.com/connect/blog/Telefonica-deploys-Ciena-100G-with-GeoMesh-to-connect-Americas.html.

## COUNT I
## (Infringement of the '368 Patent)

22.     Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

23.     Capella is informed and believes, and thereon alleges, that Defendants have directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '368 patent by making, using, selling, offering to sell and/or importing optical ROADM products that incorporate a wavelength selective switch ("WSS"), including but not limited to Ciena's 4200 ROADM (further described at www.ciena.com/products/4200-

ROADM/) and Ciena's 6500 Family (or 6500 Packet-Optical Platform) (further described at www.ciena.com/products/6500/) ("the Infringing Products").

24.     Capella has suffered and will continue to suffer damage as a result of Defendants' infringement of the '368 patent in an amount to be proven at trial.

25.     Defendants have been notified of the infringement of the '368 patent and continue to infringe.  Defendants' ongoing infringement reflects a deliberate and conscious decision to infringe the '368 patent or, at the very least, a reckless disregard of Capella's patent rights.

26.     At least as of notice provided on February 12, 2014, Ciena's infringement has been willful.  Capella is thus entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

27.     Defendants' acts of infringement have caused and will continue to cause harm to Capella.

## COUNT II
### (Infringement of the '678 Patent)

28.     Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

29.     Capella is informed and believes, and thereon alleges, that Defendants have directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '678 patent by making, using, selling, offering to sell and/or importing optical ROADM products that incorporate a wavelength selective switch ("WSS"), including but not limited to the Infringing Products.

30.     Capella has suffered and will continue to suffer damage as a result of Defendants' infringement of the '678 patent in an amount to be proven at trial.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

31.     Defendants have been notified of the infringement of the '678 patent and continue to infringe.  Defendants' ongoing infringement reflects a deliberate and conscious decision to infringe the '678 patent or, at the very least, a reckless disregard of Capella's patent rights.

32.     At least as of notice provided on February 12, 2014, Ciena's infringement has been willful.  Capella is thus entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

33.     Defendants' acts of infringement have caused and will continue to cause harm to Capella.

## EXCEPTIONAL CASE

34.     The allegations contained in paragraphs 1-30 above are repeated and realleged as if fully set forth herein.

35.     Based on, among other things, the facts alleged in paragraphs 1-30, including Defendants' intentional use of the Patents-in-Suit, Defendants' knowledge of its infringement, and Defendants' continued direct and/or indirect infringement, this case is exceptional under 35 U.S.C. § 285, and Capella is entitled to its reasonable costs and expenses of litigation.

## REQUEST FOR RELIEF

WHEREFORE, Capella respectfully requests that this Court enter a judgment:

(a)     Declaring that Defendants have infringed the '368 patent;

(b)     Declaring that Defendants have infringed the '678 patent;

(c)     Awarding Capella damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the Patents-in-Suit up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs, and

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

disbursements as justified under 35 U.S.C. § 284 and, if necessary to compensate Capella for Defendants' infringement adequately, an accounting;

(d)     Awarding increased damages for Ciena's willful infringement;

(e)     An order enjoining Defendants and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the Patents-in-Suit;

(f)     Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Capella its reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

(g)     Awarding Capella such equitable, other, different, and additional relief as this Court deems equitable and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Capella hereby demands trial by jury on all claims and issues so triable.

*[signature on following page]*

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

CASE NO. 1:14-cv-20530-SEITZ

Date:   July 18, 2014                    Respectfully submitted,

**MANATT, PHELPS & PHILLIPS, LLP**

**s/ Robert D. Becker**
Robert D. Becker*
California Bar No. 160648
E-mail: rbecker@manatt.com
Susanna L. Chenette*
California Bar No. 257914
E-mail: schenette@manatt.com
1841 Page Mill Road, Suite 200
Palo Alto, CA  94304
Telephone:     (650) 812-1300
Facsimile:     (650) 213-0260
*Admitted pro hac vice*

Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Adam Diamond
Florida Bar No. 091008
E-mail: adiamond@lottfischer.com
**LOTT & FISCHER, PL**
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

*Attorneys for Plaintiff Capella Photonics, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

s/ Adam Diamond
Adam Diamond

## SERVICE LIST

***Capella Photonics, Inc. v. Ciena Corporation***
United States District Court, Southern District of Florida
Case No. 1:14-cv-20530-SEITZ/Simonton

Service via CM/ECF generated Notices of Electronic Filing:

Jason A. Perkins
Florida Bar No. 610852
E-Mail: jperkins@cfjblaw.com
**CARLTON FIELDS JORDEN BURT, P.A.**
450 S. Orange Avenue, Suite 500
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099

Clement Naples*
New York Bar No. 4217717
E-mail: clement.naples@lw.com
Chi Cheung*
New York Bar No. 4740205
E-mail: chi.cheung@lw.com
**LATHAM & WATKINS, LLP**
885 Third Avenue
New York, NY 10022
Telephone: (212)906-1331
Facsimile: (212)751-4864

Matthew Moore*
New York Bar No. 2761054
E-mail: matthew.moore@lw.com
**LATHAM & WATKINS, LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202)637-2278
Facsimile: (202)637-2201
*admitted pro hac vice*

**Attorneys for Defendant Ciena Corporation**

Janet C. Moreira
Florida Bar No. 597090
E-Mail: janet@maveniplaw.com
Mark P. Terry
Florida Bar No. 506151
E-mail: mark@maveniplaw.com
Stephanie C. Alvarez
Florida Bar No. 127280
E-mail: Stephanie@maveniplaw.com
MAVEN Intellectual Property
333 S. E. Second Avenue, Suite 2000
Miami, FL 33131
Telephone: (305) 967-7450
Facsimile: (305) 967-7450

Florencia M. de Freitas
Florida Bar No. 45263
E-mail: florencia.defreitas@telefonica.com
Telefonica USA, Inc.
1111 Brickell Avenue, 10th Floor
Miami, FL 33131

**Attorneys for Defendant Telefonica, S.A.**